# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4598-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

M.S.,

      Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF J.S.-M.,

      a Minor.

_____

          Submitted January 22, 2019 – Decided January 28, 2019

          Before Judges Haas, Sumners, and Mitterhoff.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FG-13-0090-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis W. Skinner, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Joshua P. Bohn, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Nancy P. Fratz, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant M.S.[1] appeals from the Family Part's May 24, 2018 judgment of guardianship terminating her parental rights to her daughter, J.S.-M. (Judy), born in January 2015. Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. Defendant also argues that the trial court incorrectly considered her previous history with the Division in rendering its decision.[2] The Law Guardian supports the termination on appeal as it did before the trial court.

---

[1] We refer to defendant by initials, and to the child by a fictitious name, to protect their privacy. R. 1:38-3(d)(12).

[2] Defendant previously executed identified surrenders of her parental rights to three other children, and her parental rights to a fourth child were terminated a few months after Judy was born in 2015.

2

A-4598-17T3

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights, and that the court properly considered the records introduced in evidence at the trial. Accordingly, we affirm substantially for the reasons set forth in Judge Terence P. Flynn's thorough oral decision rendered on May 24, 2018.

We will not recite in detail the history of the Division's involvement with defendant. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Flynn's thoughtful decision. We add the following comments.

We are satisfied that commencing with the Division's first contact in this case with defendant shortly after Judy's birth in January 2015, the Division provided multiple opportunities for defendant to reunify with her daughter and address her long-standing mental health issues. Despite the Division's intervention, defendant was unable to overcome the deficiencies that rendered her unable to safely parent Judy. In February 2015, and with court approval, the Division placed the child with resource parents, who wish to adopt her.

The Division presented uncontradicted expert testimony that clearly demonstrated that because of her mental illness, defendant was unable to safely

A-4598-17T3

parent Judy now or in the future. The Division's expert psychiatrist, Alexander Iofin, M.D., diagnosed defendant with bipolar disorder unspecified, and untreatable permanent cognitive limitations, together with three additional, and untreatable, maladaptive personality traits. As a result, Dr. Iofin opined that defendant could not serve as an independent caretaker for Judy.

David Brandwein, Psy.D., an expert psychologist, testified that defendant was not competent to understand the termination proceeding in which she was involved and, therefore, the trial court appointed a guardian ad litem to assist her. Dr. Brandwein further stated that defendant's condition could not be improved over time.

The Division also presented the testimony of Alan Lee, Psy.D., an expert psychologist. Dr. Lee opined that defendant's intellectual deficits, bipolar disorder, and difficulties with clear and accurate thinking made her unable to provide safe and consistent parenting to Judy.

Dr. Lee conducted a bonding evaluation of defendant and Judy, and concluded that any bond between them was disorganized and insecure. Thus, Dr. Lee stated that there was little risk that Judy would suffer severe and enduring harm if her relationship with defendant was terminated.

On the other hand, Dr. Lee found that Judy had a significant and positive

A-4598-17T3

bond with both of her resource parents. Dr. Lee opined that severing those bonds would traumatize the child.

Defendant testified at trial, but did not call any experts to rebut the testimony presented by Dr. Iofin, Dr. Brandwein, and Dr. Lee.

In his opinion, Judge Flynn reviewed the evidence presented and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a) and (2) termination of defendant's parental rights was in the child's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

After reviewing the record, we conclude that Judge Flynn's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We therefore affirm substantially for the reasons that the judge expressed in his well-reasoned, comprehensive opinion.

A-4598-17T3

In so ruling, we reject defendant's argument that the Division's records concerning defendant's prior children should not have been considered by the judge. As amply demonstrated in Judge Flynn's meticulous opinion, defendant's parental rights in this case were terminated based upon the specific facts pertaining to Judy, including the evaluations made by the experts concerning defendant's present condition and its adverse impact on her ability to care for the child.

In any event, it is well established that a risk of harm to a child may be shown "not only from [a parent's] past treatment of the child in question but also from the quality of care given to other children in [his or her] custody." N.J. Div. of Youth & Family Servs. v. I.H.C., 415 N.J. Super. 551, 573-74 (App. Div. 2010) (quoting J. v. M., 157 N.J. Super. 478, 493 (App. Div. 1978)). Here, the Division properly presented records concerning defendant's prior interactions with it in connection with her four older children because this evidence was highly relevant on the question of whether defendant's parenting deficiencies were capable of amelioration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4598-17T3